## HARRIS v. FLORIDA REAL ESTATE COMMISSION.
### No. CVA 1901.

Circuit Court, Dade County.

December 12, 1958.

Julius J. Perlmutter, Miami Beach, for petitioner.

Benjamin T. Shuman, Orlando, for Florida Real Estate Commission.

ROBERT L. FLOYD, Circuit Judge.

This cause came on to be heard upon a petition for a writ of certiorari filed by Milton J. Harris, the record before the Florida Real Estate Commission and the briefs filed by the parties. The court having heard and considered the oral argument of counsel and being fully advised in the premises, is of the opinion that the language of section 475.25 (2) ". . . is confined in any state or federal prison . . ." relates to the time the information is filed or served upon the registrant or real estate licensee, and not to the time when the licensee files his answer or reply.

The undisputed facts in this case reflect that the petitioner was in fact confined in the Federal Correctional Institution at Tallahassee (conceded to be a federal prison within the meaning of the statute) and that he was so confined at the time his motion for enlargement of time in which to file his answer was filed with the commission. As a matter of fact, it was upon this ground that the commission extended the time in which to file his answer or reply.

At the time the answer was filed, however, the petitioner was no longer actually "confined" in the federal prison. Petitioner's principal contention is that since he was no longer confined at the time of

filing his reply or answer the above mentioned statute is not applicable to him.

With this contention the court does not agree. To give a construction to the statute contended for by the petitioner would not be construing the statute strictly, but would be giving it a strained construction.

While it is not necessary insofar as the facts in this case are concerned to rule that confinement in a state or federal prison would be prejudicial to a licensee even though the information was filed subsequent to the period of confinement, it is apparent that the legislative intent was to make such confinement a ground for revocation.

In this case the confinement was in existence and present when the petition was filed. This is sufficient under the statute to revoke.

The court has examined the other questions involved and finds no denial of any substantial constitutional or statutory right.

It is ordered that the petition for a writ of certiorari is denied.